**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| SHOESTRING VALLEY HOLDINGS INC., an Oregon corporation f/k/a ANDERSEN CONSTRUCTION COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AQUATHERM GmbH; AQUATHERM INC.; AQUATHERM, L.P.; AETNA NA, L.C,<br><br>Defendants. | Case No.<br><br>COMPLAINT |

Plaintiff Shoestring Valley Holdings Inc., f/k/a Anderson Construction Company ("Plaintiff') hereby brings this action against Defendants to recover damages incurred and pleads as follows:

## INTRODUCTION

1. In this lawsuit, Plaintiff seeks to recover the cost of either settlement/judgment from an arbitration commenced by Touchmark in the West Hills, LLC. ("Touchmark"), the owner of a senior living community located at 840 SW Touchmark Way, in Portland, Oregon 97225 (the "Property"). The arbitration solely involves claims of defective hot and cold water piping manufactured by Defendants, and were installed in two phases in approximately 2018 and 2023.

2. Plaintiff acted as general contractor for the Property, and through its subcontractor



LORBER, GREENFIELD & OLSEN, LLP
Lorber, Greenfield & Olsen, LLP
1201 Pacific Avenue, Suite 600,
Tacoma, WA 98402
Telephone (206) 832-4900

installed the plumbing products designed, produced and manufactured by Defendants.

3. The pipes installed at the Property have proven to be fundamentally unfit for their intended uses/purpose.

4. Touchmark alleges that the entire Property needs a new piping system due to the failure of the pipes manufactured and produced by Defendants.

5. Touchmark estimates that the total cost of replacing the pipes at the Property will potentially exceed $13,000,000.

6. Despite the defects and unsuitability of the pipes manufactured and produced by Defendants, neither Defendants, nor the subcontractor honored their warranties. Plaintiff is thus forced to bring this lawsuit to recover the amounts which Touchmark will recover against it via settlement or judgment following the arbitration proceeding.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this district because a substantial part of the events giving rise to the claims occurred in the district.

## PARTIES

9. Plaintiff Shoestring Valley Holdings Inc., f/k/a Anderson Construction Company is an Oregon Corporation.

10. Defendant Aquatherm GmbH is a foreign business entity[1] organized under the laws of Germany with a principal place of business in Attendorn, Germany. It is the manufacturer of Aquatherm PP-R pipes, the pipes at issue in this case. Over the last two decades, Aquatherm GmbH



LORBER, GREENFIELD & OLSEN, LLP
Lorber, Greenfield & Olsen, LLP
1201 Pacific Avenue, Suite 600,
Tacoma, WA 98402
Telephone (206) 832-4900

has developed its distribution network in the United States and has sold the Aquatherm PP-R pipes in the United States.

11. Defendant Aquatherm L.P. is a limited partnership organized under the laws of Delaware with a principal place of business in Lindon, Utah. On information and belief, it is the primary or exclusive direct distributor for Aquatherm GmbH in the United States and is a corporate successor to previous Aquatherm GmbH distributors in the United States. These include Defendant Aquatherm, Inc. and Defendant Aetna NA, L.C.

12. Defendant Aquatherm, Inc. is a corporation organized under the laws of Utah with its principal place business in Orem, Utah.

13. Defendant Aetna NA, L.C., is a limited liability company organized under the laws of Utah with its principal place of business in Lindon, Utah. On information and belief, it was formerly named Aquatherm NA, L.C. On information and belief, it is a corporate successor to Aquatherm, Inc. Defendant Aetna NA, L.C. (under its current and former names), Defendant Aquatherm, Inc., Defendant Aquatherm L.P., have all done business under the name "Aquatherm North America." During the construction of the Property, one or more of the entities Aquatherm Inc., Aetna NA, L.C. (whether or not then known as Aquatherm NA, L.C.), Aquatherm L.P., distributed the Aquatherm PP-R pipes at issue. On information and belief, at all relevant times all of these entities and Aquatherm GmbH (together referred to here as "Aquatherm") were partners or corporate affiliates, acted in concert, and did business together under the brand name "Aquatherm" or variants thereof, making it difficult to identify which entity or entities did any particular act.

## GENERAL ALLEGATIONS

14. On or around January 11, 2016, Plaintiff entered into a contract with Touchmark,



LORBER, GREENFIELD & OLSEN, LLP
Lorber, Greenfield & Olsen, LLP
1201 Pacific Avenue, Suite 600,
Tacoma, WA 98402
Telephone (206) 832-4900

wherein Plaintiff would serve as the general contractor for the construction of the Property.

15. On or around June 29, 2016, Plaintiff entered into a subcontract with Peninsula Plumbing Inc., ("Peninsula"), to serve as the plumbing subcontractor for work done at the Property (the "Subcontract").

16. Pursuant to the Subcontract and its amendments, Peninsula was to install Aquatherm piping throughout the Property.

17. In or around 2017 and 2018, Peninsula installed a domestic hot water recirculating (DHWR) system, utilizing piping materials manufactured by Aquatherm.

18. In or around April of 2025, Plaintiff was notified by Touchmark, that the Aquatherm piping installed at the Property was failing causing significant damage.

19. Touchmark later notified Plaintiff in 2026 that the defective Aquatherm pipes at the Property would need to be completely replaced, costing upwards of $13,000,000.

20. Since sustaining substantial damage at the Property from the defective pipes, Touchmark has filed an Arbitration proceeding against Plaintiff seeking damages in an amount upwards of $13,000,000.

## CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS

### First Claim for Relief

### (Breah of Implied Warranty of Merchantability)

21. Plaintiff incorporates by reference all paragraphs of this Complaint set out above as if fully set forth herein.

22. During the relevant period, Defendants directly or indirectly sold Aquatherm pipes to Plaintiff's subcontractor Peninsula for installation at the Property.

23. By selling Aquatherm pipes to Plaintiff's subcontractor, Defendants impliedly



LORBER, GREENFIELD & OLSEN, LLP
Lorber, Greenfield & Olsen, LLP
1201 Pacific Avenue, Suite 600,
Tacoma, WA 98402
Telephone (206) 832-4900

warranted that the pipes were merchantable.

24. Defendants breached the implied warranty of merchantability because the Aquatherm pipes were not merchantable. Among other things, the Aquatherm pipes could not pass without objection in the trade, were not of fair average quality within the contract description, were not fit for the ordinary purposes for which pipes are used, did not run of adequately even quality among all units involved, and did not conform to the affirmations of fact made on the labels.

25. The breach of implied warranty injured Plaintiff, by among other things, requiring Plaintiff to participate in arbitration proceedings with Touchmark solely related to the damages caused by the failed Aquatherm pipes utilized at the Property.

26. Reasonable notice of the breach was provided to Defendants and they have not remedied the breach of warranty.

27. Plaintiff is entitled to recover damages in an amount to be determined.

**Second Claim for Relief**

**(Breah of Implied Warranty of Fitness for a Particular Purpose)**

28. Plaintiff incorporates by reference all paragraphs of this Complaint set out above as if fully set forth herein.

29. During the relevant period, Defendants directly or indirectly sold Aquatherm pipes to Plaintiff's subcontractor for installation at the Property.

30. Defendants knew or had reason to know that Plaintiff and/or their subcontractor Peninsula, intended to install the Aquatherm pipes in the Property's water systems.

31. Plaintiff and their subcontractor Peninsula relied on Defendants' judgment as to the suitability of Aquatherm's pipes when it purchased the pipes for installation at the Property.

32. By selling the Aquatherm pipes to Plaintiff's subcontractor for installation at the



LORBER, GREENFIELD & OLSEN, LLP
Lorber, Greenfield & Olsen, LLP
1201 Pacific Avenue, Suite 600,
Tacoma, WA 98402
Telephone (206) 832-4900

Property, Defendants therefore impliedly warranted that the pipes were suitable for their specific use at the Property.

33. Defendants breached the implied warranty of fitness for a particular purpose because the Aquatherm pipes they sold were not fit for installation and use in the Property's water systems.

34. The breach of implied warranty injured Plaintiff, by among other things, requiring Plaintiff to participate in arbitration proceedings with Touchmark solely related to the damages caused by the failed Aquatherm pipes utilized at the Property.

35. Reasonable notice of the breach was provided to Defendants, and they have not remedied the breach of warranty.

36. Plaintiff is entitled to recover damages in an amount to be determined.

**<u>Third Claim for Relief</u>**

**(Breah of Implied Warranty of Fitness for a Particular Purpose)**

37. Plaintiff incorporates by reference all paragraphs of this Complaint set out above as if fully set forth herein.

38. Plaintiff has conferred benefits upon Defendants in the form of payments for the Aquatherm pipes at issue made through its subcontract with Peninsula.

39. Defendants are aware they have received these benefits, and have retained these benefits at the expense of Plaintiff.

40. It would be unjust to allow Defendants to retain these benefits, because Defendants have profited from the sale and installation of pipes that it is now necessary for Plaintiff to be responsible for their replacement in their entirety.

41. Plaintiff is therefore entitled to disgorgement of all of the profits realized by



LORBER, GREENFIELD & OLSEN, LLP
Lorber, Greenfield & Olsen, LLP
1201 Pacific Avenue, Suite 600,
Tacoma, WA 98402
Telephone (206) 832-4900

Defendants from the construction of the Property's water systems, in an amount to be determined.

**Forth Claim for Relief**

**(Negligent Construction)**

42. Plaintiff incorporates by reference all paragraphs of this Complaint set out above as if fully set forth herein.

43. Defendants owed a duty to Plaintiff to provide piping materials in a workmanlike quality and free from defect.

44. Defendants breached the aforementioned duty to Plaintiff by providing defective piping for the Property.

45. The defective piping manufactured and provided by Defendant caused physical damage to the Property.

46. The physical damage caused by the defective piping has resulted in Plaintiffs and Touchmark sustaining monetary damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

Plaintiff therefore requests entry of judgment in its favor against the Defendants jointly and severally as follows:

A. For actual monetary damages in an amount to be determined;

B. For disgorgement of profits in an amount to be determined;

C. For recovery of Plaintiff's costs, including investigative, accounting, collection, attorneys' fees and administrative costs;

D. For interest and penalties pursuant to the Debt Collection Act, 31 U.S.C.§ 3717;

E. For all other applicable costs, fees, and interest; and



LORBER, GREENFIELD & OLSEN, LLP
Lorber, Greenfield & Olsen, LLP
1201 Pacific Avenue, Suite 600,
Tacoma, WA 98402
Telephone (206) 832-4900

F. For such other and further relief as the Court deems appropriate.

DATED this 29th day of October 2026.

By: /s/ Thomas F. Olsen
Thomas Olsen, OSB No. 132422
Lorber, Greenfield & Olsen, LLP
1201 Pacific Avenue, Suite 600,
Tacoma, WA 98402
Email: tolsen@lorberlaw.com
Attorneys for Plaintiff